IN THE DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Civil Division

| | |
|---|---|
| TYLER PRINCE<br>c/o Lexero Law Firm<br>316 F St NE, Suite 101<br>Washington, DC 20002<br><br>v.<br><br>DOES 1-10 | Case No. 8:16-cv-02842<br><br>Jury Trial Demand |

## COMPLAINT

Plaintiff Tyler Prince[1] ("Prince" or "Plaintiff"), through undersigned counsel, hereby files his Complaint against Defendants DOES 1-10 and states as follows:

## INTRODUCTION

1. Plaintiff Tyler Prince brings this complaint against Does 1-10 for violations of his intellectual property rights under the law. Defendants violated Plaintiff's rights when they acquired and used his copyrighted materials without his permission.

2. Plaintiff accessed the website chaturbate.com, where, unbeknownst to him, his webcam was illegally recorded, even though he had never given any entity a license to do so.

3. Plaintiff was horrified when he realized that the website had illegally sold his video to many "adult" websites, which constitute Defendants Does 1-10, and which began to display his video on the websites.

4. Plaintiff attempted to issue takedown notices consistent with the Digital Millennium Copyright Act (DMCA) to many of these websites in order to protect his copyrighted work, but

---

[1] The Plaintiff's name is a pseudonym, employed because of the sensitive nature of the allegations. Plaintiff's true name and address is known to undersigned attorney. The same pseudonym is employed in the copyright registration.

1

the websites that responded have given various excuses as to why the video cannot be removed from their websites.

5. Shortly after recognizing that the DMCA notices would not be effective, Plaintiff submitted a copyright application, deposited the video, and paid the fee to the Copyright Office in order to register his video, "firefighter69192_170515_0930_Male_Chaturbate.mp4."

6. In late July, 2016, the United States Copyright Office issued U.S. Copyright Registration No. PA 1-994-377, with an effective date of May 26, 21016. *See* Exhibit #1.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States and original jurisdiction pursuant to 28 U.S.C. § 1338(a) as an action relation to copyrights.

8. Venue is proper in Maryland pursuant to 28 U.S.C. § 1391 because Defendants are unknown, and because, upon information and belief, events giving rise to this suit – namely, the complained of infringement – occurred in Maryland.

## PARTIES

9. Plaintiff Tyler Prince is an adult citizen residing in a Southwest state.

10. Defendants Does 1-10 are persons, organizations, and/or corporations who initiated, conspired in the initiation, or assisted in the violations of law described herein. Plaintiff will file an Amended Complaint upon ascertaining the identities of these unknown defendants during discovery.

## FACTUAL BACKGROUND

11. Plaintiff accessed the website chaturbate.com in a personal capacity under the username "firefighter69192" as part of a one-day membership. Plaintiff was not a "verified model"[2] for the website, as he did not have any interest to make any money from the website.

12. Plaintiff intended to interact with other third-party users of the website, directly, using the website's interactive connectivity features.

13. Plaintiff set up his video recording pursuant to several of his own creative choices.

14. For example, Plaintiff decided to use the webcam on his computer, as opposed to his smart phone or other recording device.

15. In addition, Plaintiff made creative decisions about the lighting, frame, angle of view, and more.

16. Plaintiff also made decisions as to when to start and stop the recording.

17. Unbeknownst to Plaintiff, as he was accessing the website, his webcam was being illegally recorded by the website, or some other user that was also active on the website.

18. At no point did Plaintiff give any entity a license to illegally record his webcam.

19. Plaintiff was horrified when he soon realized that his webcam had been recorded without license to do so, and that many "adult" websites, named as Defendants Does 1-10, were now displaying the content of his video.

20. As soon as Plaintiff realized his copyrighted video, was being displayed on these "adult" websites, he issued DMCA takedown notices to most, if not all, of the site of which he was aware.

21. Most, but not al, of the DMCA recipients did not respond, as required under the law.

---

[2] Which would enable him to receive tokens or virtual cash.

22. Of the websites that did respond, most gave various excuses as to why the video could not be removed from their websites.

23. Shortly after recognizing that the DMCA notices would not be effective, Plaintiff submitted a copyright application, deposited the video, and paid the fee to the Copyright Office in order to register his video, which was an MPEG-4 formatted video.

24. In late July, 2016, the United States Copyright Office issued Plaintiff U.S. Copyright Registration No. PA 1-994-377, with an effective date of May 26, 21016. *See* Exhibit #1. This action follows.

## CAUSES OF ACTION

25. Plaintiff seeks redress as a result of Defendants' actions, as follows:

### Count One: Direct Copyright Infringement Against All Defendants

26. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

27. Defendants are liable to Plaintiff for infringement of his copyrighted work subject to 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

28. In late July, 2016, the United States Copyright Office issued Plaintiff U.S. Copyright Registration No. PA 1-994-377, with an effective date of May 26, 21016. *See* Exhibit #1.

29. Defendants copied and distributed entire portions of the work, or, alternatively, constituent elements of the work, to numerous third parties through display on their "adult" websites.

30. Plaintiff did not authorize, permit or consent to Defendants' distribution of his Work.

31. Wherefore, Plaintiff Doe seeks damages and injunctive relief.

### Count Two: Contributory Copyright Infringement Against All Defendants

32. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

33. Prior jurisprudence explains that "one infringes contributorily by intentionally inducing or encouraging direct infringement."[3] Furthermore, an individual may be infringing "vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."[4]

34. Even where Defendants did not directly copy the Work, each Defendant had the

35. opportunity to stop or limit the publication of the Work. Each Defendant, knew, or should have known, that the Work was being published to numerous third parties through display on their "adult" websites.

36. Wherefore, Plaintiff Doe seeks damages and injunctive relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief:

1. Injunctive relief, precluding the infringers from continuing with their ongoing infringement;

2. An award for damages in an amount to be proven at trial, in an amount not less than $75,001;

3. An award of all economic, monetary, actual, consequential, statutory and compensatory damages caused by Defendants' conduct, and if their conduct is proven willful, award Plaintiff exemplary damages;

4. Disgorgement or restitution by Defendants of all revenue earned from the fraudulent and unlawful practices described herein;

5. An award of punitive damages, in an amount to be proven at trial;

---

[3] *See MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (U.S. 2005) (*citing Gershwin Pub. Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (CA2 1971).
[4] *Id.*

6. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff, including an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

7. An award to Plaintiff of his reasonable litigation expenses and attorneys' fees;

8. An award to Plaintiff of pre-judgment and post-judgment interest, to the extent allowable; and

9. Such further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,                                              Dated: August 11, 2016

_____
Eric J. Menhart
Lexero Law
316 F St. NE, Suite 101
Washington, D.C. 20002
Phone: 855-453-9376
Fax: 855-453-9376